Ronald ROBINSON, Plaintiff–Appellant,

v.

Judy POWELL, et al., Defendants–Appellees.

No. 00–3659.

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2002.

Decided July 12, 2002.

Ronald Robinson (submitted a brief), Federal Correctional Institution, Memphis, TN, for plaintiff-appellant.

Lynden D. Schmidt (submitted a brief), Office of the State's Attorney, Civil Division, Kevin W. Lyons, Peoria, IL, Kerry E. Saltzman, Stickler & nelson, Chicago, IL, for defendants–appellees.

Before POSNER, KANNE, and EVANS, Circuit Judges.

POSNER, Circuit Judge.

The Prison Litigation Reform Act prohibits (with an immaterial exception) a prisoner from proceeding in federal court (trial or appellate, *Moran v. Sondalle*, 218 F.3d 647, 651–52 (7th Cir.2000) (per curiam); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir.2000); *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 310 (3d Cir.2001)) in forma pauperis if he has "on 3 or more prior occasions ... brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Robinson had already received two of his permitted strikes when he filed the present suit, which the district court dismissed for failure to state a claim. That was strike number three. Nevertheless the judge authorized him to appeal in forma pauperis.

That authorization was contrary to the language of the statute. Three strikes and you're out. Two of our sister circuits, however, have refused to apply the statute literally, on the ground that to do that in a case such as this would prevent the prisoner (if he couldn't pay the fees required of litigants who are not permitted to proceed in forma pauperis) from obtaining appellate review of the correctness of the ruling by the district court that resulted in his getting his third strike. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 779–80 (10th Cir.1999). The concern expressed by those courts is legitimate, but it does not require twisting the statute and allowing a fourth strike. Robinson had a perfectly good remedy, which was to ask us for leave to proceed in forma pauperis. Fed. R.App. P. 24(a)(5); *Newlin v. Helman*, 123 F.3d 429, 432–33, 436 (7th Cir.1997), overruled in part on an unrelated ground in *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir.2000). Consideration of his motion would require us to decide whether indeed he had three strikes, in which event the Rule 24(a)(5) motion would have to be denied, while if we thought the district court might have erred in dismissing Robinson's complaint for failure to state a claim we would permit him to proceed in forma pauperis. This procedure is in conformity with the statute; that of our two sister circuits is not and has the anomalous result of allowing a prisoner to file, without payment, a frivolous appeal from his third strike.

Robinson did not follow the prescribed procedure, and therefore his appeal is dismissed unless within 14 days of the date of this decision he shall pay the appellate fees in full. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir.1998).