Ronald **ROBINSON,** Plaintiff–Appellant,

v.

**UNITED STATES of America,** Defendant–Appellee.

Ronald Robinson, Plaintiff–Appellant,

v.

**J.T. O'Brien, et al.,** Defendants–Appellees.

Nos. 02–1287, 03–2027.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 31, 2003.*

Decided Nov. 3, 2003.

Ronald Robinson, Memphis, TN, pro se.

* The appellees in appeal no. 03–2027 notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the briefs and the records, we have concluded that oral argument in these appeals is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* Fed. R.App. P. 34(a)(2).

Mullen J. Dowdal, Office of the United States Attorney, Madison, WI, for Defendant–Appellee.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

### ORDER

These two cases—both filed by *pro se* federal inmate Ronald Robinson and decided by Chief Judge Barbara Crabb—involve Robinson's various claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), that federal prison officials at the Federal Correctional Institution in Oxford, Wisconsin ("Oxford") violated his constitutional rights. Both complaints involve the same set of facts, so we will decide them together. Because the district court properly analyzed all of Robinson's claims, we affirm both judgments.

Robinson filed the first of the underlying cases in September 2000. The allegations are convoluted, but Judge Crabb concluded, as relevant here, that Robinson sought redress for retaliation, deliberate indifference to his personal safety, and destruction of his personal property. At screening, *see* 28 U.S.C. § 1915A, Judge Crabb dismissed Robinson's deliberate indifference claim for failure to state a claim. The court then granted a defense motion to dismiss the retaliation claim because Robinson had failed to exhaust his administrative remedies. Finally, the court allowed Robinson to proceed on his claim that prison officials destroyed his personal property, but dismissed all of the defendants and substituted the United States as the only party because the claim arose not under *Bivens* but the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Later, Judge Crabb granted the United States'

motion for summary judgment on Robinson's FTCA claim.

Robinson's appeal from this judgment, docketed as no. 02–1287, was fully briefed by July 2002. But Robinson was proceeding *in forma pauperis,* and that month a panel of this court issued an order confirming that Robinson had incurred three strikes under the Prison Litigation Reform Act. *Robinson v. Powell,* 297 F.3d 540, 541 (7th Cir.2002); *see* 28 U.S.C. § 1915(g). Accordingly, we revoked Robinson's IFP status, and the following September, having received no indication that he paid the filing fee, dismissed the case under Circuit Rule 3(b). But apparently Robinson had indeed paid the filing fee on time, though the district court had not notified us. In an effort to point out that error and have his case reopened, Robinson sent several documents over the following year, but all were procedurally improper and all were returned. Finally Robinson filed the appropriate motion to recall the mandate, and in September 2003 we granted the motion and reinstated appeal no. 02–1287.

Meanwhile, Robinson had hedged his bets. In February 2003, while still struggling to have appeal no. 02–1287 reopened, Robinson filed a second complaint naming the same defendants and reciting very similar facts. This time, however, Robinson clarified that he was seeking relief only for the retaliation claim that Judge Crabb had previously dismissed for failure to exhaust administrative remedies. Judge Crabb dismissed this complaint for the same reason. Robinson again appealed, this time paying the full filing fee immediately, and the case was docketed as no. 03–2027.

Although both of Robinson's complaints arise from the same facts, Judge Crabb reached the merits only of his allegations underlying appeal no. 02–1287. We will consider those conclusions first. In so do-

ing, we review *de novo* the district court's grant of summary judgment, *Mizuho Corp. Bank v. Cory & Assoc., Inc.*, 341 F.3d 644, 653 (7th Cir.2003), and its *sua sponte* dismissal for failure to state a claim under § 1915A, *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir.2003). Further, we will uphold a district court's dismissal for failure to exhaust administrative remedies if the failure to exhaust is "so plain from the face of the complaint that the suit can be regarded as frivolous." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Robinson's allegations underlying appeal no. 02–1287 relate to problems he experienced with his cellmate at Oxford. In his complaint Robinson first claimed that the defendants—all current or previous officials at Oxford—violated his constitutional rights when they refused to move him to a different cell after he complained that his cellmate would leave the window open in cold weather, use their shared table all day and all night to the exclusion of Robinson, invade his privacy, and threaten him. Robinson repeatedly filed grievances seeking reassignment, but he contends that Counselor M. Klawitter, who was responsible for cell assignments, retaliated for the grievances by refusing to change his cell assignment, planting a weapon under his bed, revoking his commissary privileges, and transferring him to a different prison.

Initially, Judge Crabb *sua sponte* dismissed Robinson's retaliation claim against Klawitter, because Robinson had not shown that he exhausted his administrative remedies. On a motion for reconsideration, however, Robinson explained that any failure to exhaust was due to the defendants' refusal to provide him with the necessary forms. Judge Crabb, noting that non-exhaustion is an affirmative defense to be pleaded by the defendants, *see Walker*, 288 F.3d at 1009, granted the

motion for reconsideration and vacated her earlier order as it applied to Klawitter without addressing Robinson's contention. Klawitter then moved to dismiss, arguing that Robinson never requested the appropriate forms and that, even if he had been unable to obtain the forms, he could have submitted a grievance using a special procedure that requires no form. Judge Crabb agreed and granted Klawitter's motion to dismiss.

■ That ruling was correct. Before bringing a *Bivens* suit to redress prison conditions, a prisoner must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *see Massey v. Helman*, 259 F.3d 641, 645–46 (7th Cir.2001). If a prisoner has failed to do so, his suit must be dismissed. *Walker*, 288 F.3d at 1009. On appeal Robinson argues that the exhaustion requirement applies only to disputes about how a prison policy is applied to all inmates at a particular institution, but § 1997(e) contains no such exception. Robinson also argues that he did not pursue his administrative grievances because prison officials refused to provide him with the necessary forms, but in his complaint Robinson notes only that he asked for but did not receive a BP–8 form, the document needed to seek an informal resolution prior to filing a formal administrative grievance. As Judge Crabb pointed out—and Robinson does not dispute—submission of a BP–8 form can be waived "if the inmate demonstrates an acceptable reason for bypassing informal resolution," so that the inmate can directly file an administrative remedy with the Regional Director using forms BP–9, BP–10, and BP–11. 28 C.F.R. § 542.13(b); *see also* 28 C.F.R. § 542.14(d) (noting that acceptable reasons include an inmate's reasonable belief that his "safety or well-being would be placed in danger if the Request became known at the institution"). Robinson, though, never submitted

a formal grievance using the required BP–9, BP–10, and BP–11 forms, and he does not allege that he did not have access to those forms. Thus, even if we were to deem excused his failure to submit the BP–8 informal grievance form, that does not excuse his failure to file a formal grievance. Robinson still failed to satisfy the requirements of § 1997e, so his retaliation claim is barred.

■ At screening Judge Crabb also dismissed Robinson's deliberate indifference claim because under 42 U.S.C. § 1997e(e) a prisoner cannot sue for "mental or emotional injury suffered while in custody without a prior showing of physical injury," and Robinson did not allege that his cellmate caused him any physical injury. But under § 1997e(e) Robinson had to show physical injury only if he sought compensatory damages as his sole remedy. *Calhoun,* 319 F.3d at 941 (noting that § 1997e(e) bars recovery of compensatory damages for mental and emotional injuries but is inapplicable to awards of nominal or punitive damages). In his complaint Robinson expressly requested punitive damages, so § 1997e(e) may restrict his remedies but does not altogether bar his deliberate indifference claim.

■ Nevertheless we agree with the district court that Robinson failed to state a claim because his allegations—that his cell was cold, he was unable to use the table, he had no privacy, and his cellmate made threatening statements—do not rise to the level of the "extreme deprivation" required to satisfy the objective component of an Eighth Amendment conditions-of-confinement claim. *See Delaney v. De-Tella,* 256 F.3d 679, 683 (7th Cir.2001). Prison conditions violate the Constitution only if they "deprive inmates of the minimal civilized measure of life's necessities." *See Rhodes v. Chapman,* 452 U.S. 337, 347,

101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Although prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold, *Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir.1997), Robinson has pleaded himself out of court by noting that the only harm he experienced as a result of the open window was that he "caught a cold," *see Thompson v. Ill. Dep't. of Prof'l Regulation,* 300 F.3d 750, 753–54 (7th Cir.2002) (noting that a plaintiff can plead himself out of court by alleging facts demonstrating that he is not entitled to relief). Since Robinson does not contend that the cold temperatures in his cell were severe, his allegation reduces to a contention that he would have preferred a warmer cell, and that simply does not rise to the level of an Eighth Amendment violation. *Compare Murphy v. Walker,* 51 F.3d 714, 720–21 (7th Cir.1995) (prisoner stated a claim where he was confined without clothes or heat in mid-November).

Robinson's other contentions have even less merit. The Eighth Amendment protects inmates from conditions of confinement that result from intentional punishment by a prison official and not from those existing because of legitimate institutional concerns. *See Peckham v. Wisc. Dep't of Corr.,* 141 F.3d 694, 697 (7th Cir. 1998). Assigning more than one inmate to a cell is an institutional necessity, *see Bell v. Wolfish,* 441 U.S. 520, 541–43, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), and the diminished privacy that results is simply a fact of prison life, *see Johnson v. Phelan,* 69 F.3d 144, 146 (7th Cir.1995). And though we can imagine Robinson's frustration in sharing a cell with an individual who threatened him, we cannot say that his exposure to threats by his cellmate was an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484,

115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). To prove an Eighth Amendment violation, Robinson would have to show that prison officials knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir.2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). In his complaint Robinson noted that his cellmate threatened him by singing a song with the line "you can run but not hide, I'll find you," but this statement evinces nothing more than idle talk by his cellmate and does not show that Robinson's safety was ever at risk. Finally, Robinson's contention that prison officials were responsible for ensuring that he could use the table in his cell for a certain amount of time each day is frivolous. Accordingly, we agree with the district court's conclusion that Robinson failed to state a claim of deliberate indifference.

■ Finally, Robinson contends in appeal no. 02–1287 that he is entitled to compensation under the FTCA for prison officials' failure to transfer several items of his property when he was moved to a different cell or a different prison. The FTCA abrogates sovereign immunity and authorizes suit against the United States for claims including loss of property. *See* 28 U.S.C. §§ 2671–2680; *Ortloff v. United States*, 335 F.3d 652, 657 (7th Cir.2003). Initially, the defendants filed a motion to dismiss this claim for lack of subject matter jurisdiction, arguing that the FTCA contains an exception to its waiver of immunity for "law enforcement officers" in certain circumstances and reasoning that employees of the Bureau of Prisons are included in that exception. 28 U.S.C. § 2680(c). Relying on her conclusion in a previous case that the exception in § 2680(c) did not apply to BOP employees, Judge Crabb denied the motion; after briefing was completed in this appeal, we affirmed that decision in *Ortloff*, 335 F.3d at 661.

Judge Crabb then granted summary judgment for the United States, concluding that Robinson had presented "no admissible evidence establishing that he had certain personal property at one point and that defendant took that property into its possession and subsequently failed to return it to plaintiff." We agree. In its motion for summary judgment the government noted that each time Robinson was moved—first to the Special Housing Unit ("SHU") at Oxford, then to the United States Penitentiary at Leavenworth, then to the Federal Correctional Institution in Memphis—he signed forms pursuant to inventory regulations confirming that he had received all of his personal property. Robinson contends that he signed those forms only because he was being rushed by prison officials. But the documents he attached at summary judgment, allegedly showing that property he possessed prior to his arrival at Oxford was never transferred, do not raise any inference that the defendants took possession of that property and negligently failed to transfer it. Accordingly, we affirm the district court's grant of summary judgment on Robinson's FTCA claim.

■ That leaves us with appeal no. 03–2027. Robinson recited the same facts in his complaint underlying this appeal. When Judge Crabb screened the complaint, *see* 28 U.S.C. § 1915(e), she noted that Robinson admitted that the administrative grievances he submitted after his first complaint had been dismissed were rejected by prison officials as untimely. If that was correct, Judge Crabb reasoned, Robinson had failed to exhaust his administrative remedies and could not proceed.

**500**

Judge Crabb gave Robinson two weeks "in which to inform the court whether it has misconstrued his statement." In response Robinson first clarified that he was seeking relief only for the retaliation by Counselor Klawitter. Robinson also stated that he had exhausted his administrative remedies by filing grievances at every step of the review process. But Judge Crabb noted that the paperwork Robinson attached to his response all documented that his grievances were denied because they were untimely, and ultimately she dismissed the complaint with prejudice for failure to exhaust.

A dismissal for failure to exhaust administrative remedies is normally without prejudice, thus giving the prisoner an opportunity to exhaust his remedies and re-file his suit at a later date. *Walker*, 288 F.3d at 1009. But when a grievance is not reviewed because it was filed too late, exhaustion is no longer possible. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir.2002). A federal inmate has 20 days from the incident to file a grievance. *McCoy v. Gilbert*, 270 F.3d 503, 510 (7th Cir.2001). Because 42 U.S.C. § 1997e(a) prohibits a prisoner from bringing suit without exhausting state remedies, if exhaustion is no longer possible then the suit is barred. *Id.* Such a defect is properly termed procedural default and thus Judge Crabb properly dismissed the case with prejudice.

We AFFIRM the district court's judgments in appeal nos. 02–1287 and 03–2027. Because Robinson proved in appeal no. 03–2027 that he can no longer exhaust his remedies with respect to his retaliation claim, we modify the dismissal of that claim in appeal no. 02–1287 to be with prejudice.