MARTHA CRAIG DAUGHTREY, Circuit Judge,
dissenting.
This appeal presents an issue that the Sixth Circuit has not addressed previously in a published opinion: whether a cause of action’s dismissal that still is on appeal nevertheless can constitute a “strike” for purposes of the “three-strikes” provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1] All but one of our sister circuit courts that have addressed the issue have concluded that an order of dismissal must be final before it may count as a “strike” that cuts off a prisoner’s right to challenge constitutional .violations in most instances. Because I believe that approach is the better response to the question, I respectfully dissent from the majority’s contrary conclusion.
One of the earliest opinions interpreting the three-strikes provision of section 1915(g) was issued by the Fifth Circuit shortly after the PLRA was enacted. In Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir.1996), the court held that “[a] dismissal should not count against a petitioner [as a strike under the PLRA] until he has exhausted or waived his appeals.” In the ensuing 17 years, all but one of the circuit courts addressing the issue have followed suit, either by explicitly adopting Adepegba’s conclusion or by indicating that this majority rule presumptively should apply. See, e.g., Ball v. Famiglio, 726 F.3d 448, 465 (3d Cir.2013); Henslee v. Keller, 681 F.3d 538, 543-44 (4th Cir.2012); Silva v. Di Vittorio, 658 F.3d 1090, 1100 (9th Cir.2011); Smith v. Veterans Admin., 636 F.3d 1306, 1310-11 (10th Cir.2011); Chavis v. Chappius, 618 F.3d 162, 169 (2d Cir.2010); Thompson v. Drug Enforcement Admin., 492 F.3d 428, 432-33 (D.C.Cir.2007); Campbell v. Davenport Police Dep’t, 471 F.3d 952, 953 (8th Cir.2006); Michaud v. City of Rochester, No. 00-1263, 2000 WL 1886289, at *2 n. 1 (1st Cir. Dec. 27, 2000) (unpublished). To date, only the Seventh Circuit has offered a different interpretation of the statute. It alone has concluded that a literal reading of the provision requires district courts to count as strikes, for purposes of the PLRA, cases that are dismissed on the grounds enumerated in section 1915(g) even while pending on appeal. Robinson v. Powell, 297 F.3d 540, 541 (7th Cir.2002) (arguing that the majority rule reflects a “refusfal] to apply the statute literally”).
I find the reasoning that has led the great majority of circuits to conclude that dismissals count as strikes under the *180 PLRA only when those dismissals have become final — ie., when the plaintiff has exhausted or waived his appellate rights— both more compelling and more fair. Although the Seventh Circuit and, now, my colleagues in this case argue that the majority rule distorts the plain meaning of the PLRA, the Ninth Circuit has pointed out that “[sjection 1915(g) does not expressly state whether a prior dismissal of ‘an action or appeal’ must be final before it can be considered a ‘strike....’” Silva, 658 F.3d at 1098. Instead, section 1915(g) states simply that a prisoner who, on “3 or more prior occasions” brought an action or appeal “that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,” cannot be accorded in forma pauperis status “unless the prisoner is under imminent danger of serious physical injury.” 28 U.S.C. § 1915(g).
Thus, as the Fourth Circuit has noted, the statute is ambiguous, not only with respect to when dismissals should count as strikes but also with respect to what counts as a “prior occasion.” Henslee, 681 F.3d at 542 (noting that the term “prior occasion” “may refer to a single moment or to a continuing event: to an appeal, independent of the underlying action, or to the continuing claim, inclusive of both the action and its appeal”). Hence, there are as many as three possible readings of what counts as a strike: (1) a suit dismissed under § 1915(g); (2) a suit dismissed under § 1915(g) but only after an appeal of that ruling has been waived or exhausted; (3) an appeal dismissed as frivolous, regardless of the ruling below. Given this statutory ambiguity, it is proper for us to interpret the meaning of the statute in light of its history and purpose. See Blum v. Stenson, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (“Where, as here, resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and then to the legislative history if the statutory language is unclear.”).
The overwhelming majority of other circuits have concluded that Congress could not have intended that dismissals would count as strikes immediately, given Congress’s concern with fostering meritorious prisoner suits and preventing frivolous ones. “It is uncontroversial from the plain language of the statute that Congress intended section 1915(g) only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors.” Adepegba, 103 F.3d at 388. See also Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (noting that the reforms in the PLRA were “designed to filter out the bad claims and facilitate consideration of the good”). Construing section 1915(g) to require courts to count dismissals as strikes even when pending on appeal could potentially bar the filing of meritorious claims and preserve district court errors by preventing prisoners from bringing claims in federal court while one or more of their first three dismissals were being reversed on appeal. See Adepegba, 103 F.3d at 387-88. See also Thompson, 492 F.3d at 432 (noting that an interpretation of the statute that counted dismissals as strikes even prior to appeal “would, within those narrow set of cases in which the third strike is appealed, effectively eliminate our appellate function,” and concluding that “[h]ad Congress intended such an unusual result, ... it would have clearly said so”); Silva, 658 F.3d at 1098-99 (recognizing that, because the minority view represents a departure from the usual practice under 28 LF.S.C. § 1291 and the Federal Rules of Appellate Procedure that grants all litigants an appeal as of right from final district court decisions, “Congress’s silence on this issue is ‘strong evidence that the *181 usual practice should be followed (quoting Jones, 549 U.S. at 212, 127 S.Ct. 910)).
Nevertheless, my colleagues in this case suggest that prisoners attempting to appeal a third dismissal for filing an allegedly frivolous complaint would not necessarily suffer the hardships envisioned by the decisions in Jones, Adepegba, and Thompson. Specifically, they maintain, in cases where a prisoner seeks to appeal his third strike but is without funds to proceed unless accorded pauper status, that prisoner still may obtain appellate review of that dismissal by filing, pursuant to Federal Rule of Appellate Procedure 24(a)(5), a motion seeking leave from the appellate court to proceed in forma pauperis on appeal. In resolving the prisoner’s Rule 24(a)(5) motion, so goes the argument, the appellate court could review the merits of the district court decision to determine whether “the district court might have erred” in dismissing the suit as frivolous, malicious, or meritless. See Robinson, 297 F.3d at 541.
This alternative is far from satisfying. For one thing, it threatens to make the resolution of a Rule 24(a)(5) motion more complex and involved than it is at present. See Thompson, 492 F.3d at 433 (quoting claim in government brief that the Seventh Circuit approach “creat[es] more work than is appropriate for either the courts or the litigants to resolve a request for [in forma pauperis] privileges”). Furthermore, this alternative fails to provide any relief for litigants like Coleman who seek pauper status to litigate an unrelated case rather than to appeal a third dismissal decision. By following the majority’s lead in this case, the only way we could ensure that Coleman was not precluded erroneously from proceeding in forma pauperis in district court would be to conduct our own merits analysis of the prior dismissal currently pending on appeal before (presumably) a different panel of this court. Obviously, such a proposed solution to the problem is unwieldy, problematic, and creates unnecessary, extra work for the courts.
Because I would hold that dismissals of causes of action do not count as strikes under the PLRA until the prisoner-plaintiffs have exhausted or waived their appeals, I also would decide at precisely what point in the litigation process the finality of any prior dismissals should be assessed. Our sister circuits have differed somewhat in the approaches they have taken to this timing question. The Third Circuit has held that the language of section 1915(g) suggests that a prisoner’s status under the statute should be assessed as of the date the latest complaint is filed. See Gibbs v. Ryan, 160 F.3d 160, 162 (3d Cir.1998) (noting that section 1915(g) applies to prisoners who “bring a civil action or appeal a judgment in a civil action or proceeding” and that “[i]n the context of filing a civil action, ‘bring’ ordinarily refers to the ‘initiation of legal proceedings in a suit’ ”) (emphasis added). Most of the circuits that have adopted the majority view set forth in Adepegba agree. See, e.g., Silva, 658 F.3d at 1100 (“Section 1915(g) does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal.” (quoting Campbell, 471 F.3d at 952)). However, at least one circuit has suggested that a prisoner’s status under the three-strikes provision should be assessed after litigation has commenced — presumably at the point the district court grants or denies the motion for pauper status. See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 779 (10th Cir.1999) (refusing to count as a strike a dismissal that was appealed after the plaintiff filed his complaint in the subsequent case).
*182 In light of the relevant statutory language, and given the ease in applying the rule adopted by the majority of other circuits, I would adopt the view that the question whether a prior dismissal is final should be assessed as of the date of the filing of the complaint or notice of appeal. Adopting this timing rule also would reduce the possibility that litigants could seek to manipulate the judicial calendar to advance their own positions. In the present case, however, whether Coleman’s pauper status should have been assessed as of the date he filed his new, fourth complaint or the date the district court resolved his motion for pauper status in that proceeding is irrelevant. The plaintiffs latest cause of action against the correctional-facility defendants was filed in December 2010, well before the district court denied his informa pauperis request in February 2011 or this court affirmed the dismissal of his prior, third civil-rights complaint in March 2011.
I would hold that the proper interpretation of § 1915(g) is the one adopted by the majority of circuits, rather than that proposed by the majority in this case. I thus respectfully dissent and would conclude that the district court should have granted Coleman’s motion to proceed in forma pauperis on his complaint against these defendants because, at the time Coleman filed that cause of action, he had not yet received the three final “strikes” that subsequently cut off his ability to petition the federal courts for redress of grievances.

. We, however, have addressed this question in two unpublished orders that provide little guidance because they reach diametrically opposed conclusions. In Nali v. Caruso, No. 08-2083 (6th Cir. Apr. 15, 2009), a panel of this court asserted, "Under § 1915(g), an appeal from a third frivolous suit must be final before the third suit in district court may be counted as a strike[.]” We therefore vacated a district court order that counted a non-final dismissal as a strike, and remanded the matter to the district court to "consider Nali's claims on the merits.” Id. Sixth months later, a different panel reached the opposite conclusion. In Shavers v. Stasewich, No. 09-1740 (6th Cir. Oct. 22, 2009), the panel rejected the plaintiff's argument that the district court erred in denying him in forma pauperis status because one of the dismissals that the district court counted as a strike was still pending on appeal. That panel concluded that, because "[t]he statute [section 1915(g)] does not say that the dismissal must be 'final' in all of the courts of the United States,” the district court had not erred in counting the case pending on appeal as a strike under the PLRA. Id. In the case now before us, the majority opinion follows this latter reasoning and thus reaches the same result as was reached in Shavers.