**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017[*]
Decided December 6, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1807

| | |
|---|---|
| MARK DAVENPORT, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 16-cv-0494-NJR |
| J. SZCZEPANSKI, *Defendant-Appellee*. | Nancy J. Rosenstengel, *Judge*. |

**O R D E R**

Mark Davenport, an Illinois inmate, contends that a staff member at Pinckneyville Correctional Center refused to give him an extra pair of gym shoes. In this suit under 42 U.S.C. § 1983, Davenport alleges that this denial violated the First and Eighth Amendments. The district court dismissed Davenport's complaint at screening, *see* 28 U.S.C. § 1915A. Based on Davenport's allegations, the staff member did not refuse

---

[*] The appellees were not served with process in the district court and have not participated in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

to provide the shoes in retaliation for protected speech or in disregard of a known risk of serious injury. Therefore we affirm.

Because the lawsuit was dismissed at screening, we accept Davenport's factual allegations as true for the purposes of this appeal. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Davenport went to Pinckneyville's clothing room in May 2014 to make his biannual clothing exchange. J. Szczepanski, the corrections officer who supervised the clothing room, refused to give Davenport a free pair of new gym shoes. (Szczepanski's first name is not in the record.) Davenport showed Szczepanski letters from the Illinois Department of Corrections, which Davenport believes say that Illinois prisons may never charge residents for replacement shoes. Relying on the letters, Davenport threatened Szczepanski with a grievance. Szczepanski replied that she did not care about the letters and ordered him to leave.

Davenport attached to his complaint his letters from the Department of Corrections, the two most pertinent of which we now describe. The first is the prison's response to Davenport's grievance from June 2013 about the cost of a pair of gym shoes. The letter authorized the prison to reimburse Davenport for that pair, explaining that "the policy of charging offenders for state-issued gym shoes has been discontinued." The second is the prison's response to the grievance that he filed after Szczepanski refused to give him the free pair of shoes that Davenport demanded in May 2014. The prison explained that it had issued Davenport gym shoes in February 2014, that it issues to inmates a new, free pair every six months, and that if Davenport wanted a new pair before August, he would have to pay $4.53.

The district court evaluated Davenport's complaint at screening. In the complaint, he contends that by refusing to give him new shoes Szczepanski violated two constitutional provisions. She violated the First Amendment right to petition, Davenport argues, because she refused to provide the free shoes after Davenport threatened to file a grievance. And she violated the Eighth Amendment, Davenport continues, because without the shoes Davenport suffered cruel and unusual punishment. (Davenport alleges that for the next three months his shoes became waterlogged in the rain, they had holes that produced painful contact with rocks and other debris entering the shoes, and the shoes aggravated a jaw condition.) The district judge ruled that Szczepanski violated neither provision because Szczepanski did not deny Davenport shoes for threating to file a grievance, and Davenport did not suffer an objectively serious deprivation. The judge then dismissed the suit with prejudice.

On appeal Davenport argues that the district court should not have dismissed his suit and should have given him a chance to amend his complaint. We review each of his contentions.

Three fatal flaws doom Davenport's contention that Szczepanski violated the First Amendment. The First Amendment protects Davenport if he was engaged in protected activity, the activity motivated the alleged adverse action (no free shoes), and the adverse action would likely deter future protected activity. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017). Although "[a] prisoner has a First Amendment right to make grievances about conditions of confinement," *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010), merely *threatening* to file a grievance against someone is not protected activity. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009). And even if Davenport's threatened grievance was protected activity, the threat did not motivate Szczepanski's refusal to give him the free shoes. Davenport alleges that Szczepanski had *already* denied the shoe request *before* Davenport made this threat. Finally, the denial of the shoes would not likely deter future grievances; to the contrary, Davenport alleges that he responded to the denial by filing *more* grievances against Szczepanski in 2014.

Davenport replies that he told the district judge that he wanted to amend the complaint to clarify that Szczepanski retaliated against him for filing a grievance in 2013 about having to pay for shoes. But for two reasons this allegation does not cure the defects in his complaint, so the judge was not required to grant him leave to amend. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004.) First, as the judge correctly observed, Davenport did not allege that Szczepanski knew about this earlier grievance. And on appeal Davenport still makes no such allegation. If Szczepanski did not know of the earlier grievance, that grievance could not have motivated her to refuse to give the free shoes. Second, Davenport alleges that Szczepanski has a "policy" of denying inmates extra free shoes. It is thus this supposed policy, not Davenport's grievance, that allegedly motivated the denial. Davenport's First Amendment contention therefore fails.

That brings us to Davenport's contention that Szczepanski violated the Eighth Amendment by denying Davenport an extra pair of free shoes. An Eighth Amendment claim based on prison conditions requires that the conditions "deprive inmates of the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and that the defendant knows about but ignores those conditions, *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017). It appears that the prison supplies complimentary shoes to inmates twice a year; an inmate who believes that he needs shoes more

frequently must pay about $5 for them. Even if we generously assume for the sake of argument that, in light of the worn condition of his gym shoes, Davenport needed a third, free pair of shoes to receive the minimum of life's necessities, this claim still fails. Davenport does not contend that Szczepanski knew that without a third, free pair, the holes in Davenport's current shoes and their tendency to become waterlogged in the rain, would cause Davenport's feet and jaw severe pain. Without knowledge of a significant risk of severe injury from a prison condition, Szczepanski cannot be held liable for that condition. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015).

One final note: the district court recognized that its dismissal resulted in Davenport's third "strike." Therefore it was wrong for the judge to grant Davenport leave to appeal without prepayment of the appellate filing fee. *See* 28 U.S.C. § 1915(g); *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002). But we need not postpone resolving this appeal and demand that Davenport first prepay that fee. For even though the district court should have denied leave to appeal, we will assume that Davenport would have asked *us* for leave to appeal from his third strike. *Robinson*, 297 F.3d at 541. And because we are not treating this appeal as frivolous (though it is meritless), we could have granted him leave to appeal without prepaying fees. *Id.* Davenport, however, must now pay the full filing fee, and for all future cases he has "struck out" under 28 U.S.C. § 1915(g).

AFFIRMED.