# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3143

_____

Edward A. Campbell, Jr.,

      Appellant,

Latashia R. Cook,

      Plaintiff,

    v.

Davenport Police Department,

      Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Southern District of Iowa.
    [PUBLISHED]

_____

Submitted:  December 7, 2006
Filed:  December 29, 2006

_____

Before WOLLMAN, RILEY and BENTON, Circuit Judges.

_____

PER CURIAM.

While confined in a county jail in July 2006, Edward R. Campbell filed this 42 U.S.C. § 1983 complaint, having filed three other section 1983 complaints the month before.  The district court dismissed the instant complaint, finding that the 28 U.S.C. § 1915A(b) dismissals of the earlier three complaints constituted three "strikes" under 28 U.S.C. § 1915(g).  Campbell appeals, and requests leave to appeal in forma pauperis (IFP).

Section 1915(g) does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. See 28 U.S.C. § 1915(g) (in no event shall prisoner bring civil action or appeal judgment in civil action if he has, on three or more prior occasions while incarcerated, brought action or appeal in federal court that was dismissed for frivolousness or for failure to state claim, unless prisoner is under imminent danger of serious physical injury); cf. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (requisite imminent danger must exist at time action or appeal is filed). The three section 1915A(b) dismissals could not be counted as strikes when the district court cited them (or when this appeal was filed), because Campbell had not yet exhausted or waived his appeals in those cases. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) (counting dismissals as strikes only when appeals have been exhausted or waived); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996) (same). We thus conclude that the district court erred in dismissing the instant lawsuit under section 1915(g), and that Campbell is entitled to IFP status for this appeal; we leave the fee-collection details to the district court, see Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam).

Accordingly, we reverse and remand for the district court to conduct initial review of the complaint in the first instance. See 28 U.S.C. § 1915A(a) (screening of civil complaints where prisoner seeks redress from government entity or officer or employee of governmental entity).

_____