

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2007

# Nicholas v. Heffner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2013

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nicholas v. Heffner" (2007). *2007 Decisions.* Paper 232.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-19**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07- 2013
_____

EDWARD J. NICHOLAS,
                                                    Appellant

v.

DONALD HEFFNER, Badge (15); JOHN DOE POLICE SGT;
AMERICAN DETECTIVE AGENCY, MR. JOSEPH ALLERCIA;
CAROLYN THOMPSON; ARTHUR DILS; TIMOTHY KEATING;
GEORGE F. SHULTZ; SCOTT A. EVANS; JEFFREY B. ENGLE;
DIANE MORGAN; JOHN F. CHERRY; JANE PEEL;
NATIVA P. WOOD; JAMES MARISCO, JR.;
CHIEF MAGISTRATE DISTRICT JUDGE; DEBORAH RUGGERIO;
JOHN DOE (1997) PRESIDENT JUDGE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-00200)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2007

Before: AMBRO, FUENTES, and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 9, 2007)

_____

OPINION

_____

PER CURIAM

Edward J. Nicholas appeals from the District Court's order denying his motion for leave to proceed in forma pauperis.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291, and review issues of statutory construction de novo.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).  We will summarily vacate the District Court's order and remand for further proceedings.

The District Court denied Nicholas's motion on the grounds that he had three strikes under 28 U.S.C. § 1915(g) (the dismissals of W.D. Pa. Civ. Nos. 06-112, 06-98, and 06-201) and had not alleged that he was in "imminent danger."  Two of the strikes on which the District Court relied, however, were dismissals of complaints that had not yet been entered when Nicholas filed the instant suit.  See W.D. Pa. Civ. Nos. 06-112, 06-201.  Moreover, Nicholas went on to appeal each of the three dismissals relied on by the District Court, and those appeals were not completed at the time Nicholas filed his complaint.  See C.A. Nos. 06-4362, 06-4361, 06-4367.  A dismissal does not qualify as a strike for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights.  See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Therefore, Nicholas did not have three strikes when the District Court denied his motion, and the District Court erred in requiring him to demonstrate that he was under imminent

_____

[1]Nicholas is currently on parole and was granted in forma pauperis status for purposes of this appeal.

2

danger of serious physical injury before proceeding in forma pauperis at that time.  See 28 U.S.C. § 1915(g).

The fact that this Court has since dismissed Nicholas's appeals of the aforementioned District Court orders under 28 U.S.C. § 1915(e)(2)(B), see C.A. Nos. 06-4362, 06-4361, 06-4367, does not change that result.  By its terms, § 1915(g) governs only the circumstances under which a prisoner may "bring" a civil action in forma pauperis, which means that its impact must be assessed at the time a prisoner files his or her complaint.  See Abdul-Akbar, 239 F.3d at 313; Gibbs v. Ryan, 160 F.3d 160, 162-63 (3d Cir. 1998).  Thus, only the strikes actually earned at the time the complaint was filed are relevant.  The statute does not authorize courts to revoke in forma pauperis status if a prisoner later earns three strikes.  See Gibbs, 160 F.3d at 163 (explaining that Congress "limited the 'three strikes' provision to an inmate's ability to 'bring' an action.  Congress could have tied the 'three strikes' bar to an inmate's ability to maintain an action.  It did not do so.").

Accordingly, we will summarily vacate the District Court's order and direct the District Court to evaluate Nicholas's motion for leave to proceed in forma pauperis in light of this opinion.