**Steven J. KRIER, Plaintiff—Appellant,**

v.

**Kenneth A. RAY, Director, King County Dept of Adult and Juvenile Detention (DAJD), Defendant,**

**and**

**King County Jail, Defendant—Appellee.**

No. 07–35474.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed July 9, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Stephanie J. Krier, Aberdeen, WA pro se.

Sherilyn Peterson, Charles Mulaney, Perkins Coie LLP, Seattle, WA, for Plaintiff–Appellant.

Nancy Balin, Seattle, WA, for Defendant–Appellee.

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

## MEMORANDUM *

Stephen Krier appeals the district court's dismissal of his first amended § 1983 complaint against Defendant–Appellant King County Jail ("King County") for failure to state a claim upon which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's order dismissing Krier's complaint without leave to amend, and we reverse.

I

■ Notwithstanding the arguments of King County and amicus, the Attorney General of Washington, we have jurisdiction to review Krier's in forma pauperis appeal despite the district court's certification that the appeal was not brought in good faith. *See* 28 U.S.C. § 1915(a)(3) (stating that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith"). A motions panel of this Court correctly determined that the district court's certification was questionable. The district judge's certification was based on his statement that Krier had three strikes by 9th Cir. R. 36–3.

---

* This disposition is not appropriate for publication and is not precedent except as provided

under 28 U.S.C. § 1915(g). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

However, the district court erred in counting Krier's dismissal in the *instant* case as a strike under § 1915(g). *See Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432–33 (D.C.Cir.2007); *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 953 (8th Cir.2006); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999); *Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Accordingly, Krier was entitled to proceed in forma pauperis.

## II

■ We review the district court's decision to deny a *pro se* plaintiff leave to amend his complaint for abuse of discretion. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (stating standard of review). It is a "longstanding rule that [l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* (internal quotation marks omitted). Furthermore, the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Id.* at 1131 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "[B]efore a district court may dismiss a *pro se* complaint for failure to state a claim, the court must provide the *pro se* litigant with notice of the deficiencies of

his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir.1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir.2007) (citation omitted).

The district court failed to heed these principles in dismissing Krier's amended complaint. In his amended complaint, Krier corrected the deficiencies the district court identified in Krier's original complaint-that Krier had not "allege[d] where and when he was incarcerated in order to show his rights were violated" and that he should "allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint." Krier's amended complaint included two new handwritten pages stating that he was currently a pre-trial detainee at King County Jail and had been so many times in the past and that he was suing the Jail on the grounds that "the unconstitutional conditions maintained at the Jail are the result of custom and policy practiced by all correctional staff members." In addition, in response to the district court's statement that Krier, a pro se litigant, could not bring a class action, Krier made changes to the caption and opening language of his complaint that made clear he was proceeding on an individual basis.

We agree with the district court that Krier's amended complaint was deficient for lack of specificity, as Krier did not state with precision where and when the alleged violations occurred, whether he himself was subjected to the policies and practices to which he objected, and wheth-

er he suffered any damages. While Krier argues that the district court should have assumed that Krier's statement of claims, written largely in the third person, applied to him in particular, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.1982). "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (quoting *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979)).

However, given the rules governing amendment of pro se complaints, the proper course was to grant Krier a second opportunity to amend. Indeed, the district court recognized as much, noting that "ordinarily plaintiff's pro se status would mitigate these deficiencies and the Court would be inclined to grant plaintiff a second opportunity to amend his complaint." The district court cited several reasons its decision to dismiss the complaint without leave to amend, none of which we find provides sufficient justification for the dismissal.

First, the district court objected to the fact that Krier resubmitted eight pages of his original complaint and added two new pages rather than submitting a completely new complaint. However, as Krier explained, detained or incarcerated litigants often may be hard-pressed to rewrite an entire complaint due to lack of writing paper. Second, the district court objected to the fact that Krier did not use the form complaint the Clerk sent him along with

the order granting leave to amend, speculating that Krier was attempting to avoid listing his prior litigation history. However, the district court's order did not *require* Krier to use the form complaint, but rather stated that it was being sent in order to "assist" him.

Finally, the district court speculated that even if permitted to amend his complaint, Krier would be unable to make the physical injury showing required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). However, it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg*, 488 F.3d at 1205; *see also Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir.2000) (reversing district court's denial of leave to file a third amended complaint where it was not "beyond doubt that allowing [the amendment] would be futile"), *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir.2001) (en banc). Furthermore, not all the claims raised in Krier's amended complaint require a showing of physical injury under the PLRA.

In light of the preceding analysis, we hold that the district court abused its discretion in dismissing the complaint without providing Krier an opportunity to amend his complaint in light of the deficiencies pointed out by the district court.

All pending motions are denied as moot.

**REVERSED AND REMANDED.**