RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0303p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ANDRE LEE COLEMAN, named as "Andre Lee
Coleman-Bey" on complaint,
                                    *Plaintiff-Appellant*,

                    *v.*

TODD TOLLEFSON, et al.,
                                    *Defendants-Appellees*.

No. 11-1502

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 2:10-cv-337—R. Allan Edgar, District Judge.

Decided and Filed:  October 23, 2013

Before:  BATCHELDER, Chief Judge; DAUGHTREY and ROGERS, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Kevin Himebaugh, OFFICE OF THE MICHIGAN ATTORNEY
GENERAL, Lansing, Michigan, for Appellee.  Andre Lee Coleman-Bey, Ionia,
Michigan, pro se.

   ROGERS, J., delivered the opinion of the court, in which BATCHELDER, C. J.,
joined.  DAUGHTREY, J. (pp. 6–11), delivered a separate dissenting opinion.

_____

### OPINION

_____

   ROGERS, Circuit Judge.   Under the three-strikes provision of the Prison
Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), the district court in this case
properly denied pauper status to plaintiff André Lee Coleman-Bey in his civil suit, even
though one of his three previous case dismissals ("strikes") was still on appeal when this
case was brought.  This counting of a third dismissal still on appeal as a strike does not
lead to the anomalous conclusion that the third dismissal was itself precluded from being

1

appealed by the three-strikes rule.  The district court therefore properly dismissed this case for failure to pay court fees in the absence of pauper status.

Coleman-Bey, pro se, filed a complaint in the Western District of Michigan alleging claims under 48 U.S.C. § 1983 against six workers at the Baraga Correctional Facility.  He also moved for leave to proceed in forma pauperis.  The district court denied that motion on the grounds that Coleman-Bey was barred from receiving pauper status under the three-strikes provision of the PLRA.  *Coleman v. Tollefson*, No. 2:10-cv-337, 2011 WL 573590, at *2 (W.D. Mich. Feb. 15, 2011).  The court also ordered Coleman-Bey to pay the $350 filing fee within twenty-eight days.  *Id.*  After twenty-eight days passed and Coleman-Bey failed to pay the fee, the court dismissed the action.  Coleman-Bey subsequently moved for leave to proceed in forma pauperis on appeal, which the district court granted.  This appeal followed.

The district court properly relied on the three-strikes provision of the PLRA, which prohibits prisoners who have brought multiple frivolous appeals from receiving pauper status:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Each of the three civil cases that Coleman-Bey had previously filed while incarcerated counts as a strike under the PLRA.

First, *Coleman v. Lentin*, No. 2:92-cv-120 (W.D. Mich. Aug. 31, 1992), qualifies as a strike because the docket clearly indicates that when the district judge adopted the report and recommendation of the magistrate judge and dismissed the case, he did so because he found Coleman-Bey's complaint to be "frivolous and without merit."  Coleman-Bey argues that the dismissal of *Coleman v. Lentin* does not qualify as a strike because the district court failed to follow various procedural requirements outlined in

*Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983), in particular the requirement that before dismissing a complaint the court must permit the petitioner to amend his complaint to correct any defects. However, the PLRA generally overruled the set of procedures outlined in *Tingler*, including the requirement that Coleman-Bey claims was violated. *See Palacio v. Hofbauer*, 106 F. App'x 1002, 1005 (6th Cir. 2004). Under the PLRA, a court must dismiss an action that it finds "frivolous or malicious" sua sponte, without permitting the plaintiff to amend the complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also* 28 U.S.C. § 1915(e)(2).

Second, the dismissal of *Coleman v. Kinnunen*, No. 2:05-CV-256, 2008 WL 724780 (W.D. Mich. Mar. 17, 2008), counts as a strike because it was dismissed for failure to state a claim. Coleman-Bey argues that the dismissal of this complaint does not count as a strike because it is not a dismissal for "failure to state a claim" but rather an order granting summary judgment for absence of material issues of fact. The order of the district court, however, clearly enough indicates that the dismissal was made pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Section 1915(g)'s language was clearly modeled after Rule 12(b)(6), and dismissals pursuant to that rule count as a strike. *See Thompson v. DEA*, 492 F.3d 428, 437–38 (D.C. Cir. 2007). The issue of whether an adverse summary judgment may be a strike is not before us.

Third, *Coleman v. Sweeney*, No. 2:09-cv-178, 2009 WL 3270006 (W.D. Mich. Oct. 8, 2009), counts as a strike, even though the district court's order in that case was on appeal at the time that the instant suit was brought. A literal reading of § 1915(g) requires district courts to count as strikes cases that are dismissed on the grounds enumerated in the provision even when pending on appeal. The Seventh Circuit so reasoned in *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002). See also our unpublished order in *Shavers v. Stasewich*, No. 09-1740 (6th Cir. Oct. 22, 2009), in which we rejected the plaintiff's argument that the district court erred in denying him pauper status because one of the dismissals that the district court counted as a strike was

still pending on appeal.  We reasoned that, because § 1915(g) "does not say that the dismissal must be final in all of the courts of the United States," the district court had not erred in counting the case pending on appeal as a strike under the PLRA.

Not only does this rule follow the plain meaning of the statute, but it is also consistent with how judgments are treated for purposes of res judicata.  Under that doctrine, cases on appeal have preclusive effect until they are reversed or vacated.  *See In re Dubin Sec., Inc.*, 133 F.3d 377, 381 (6th Cir. 1997).

We recognize that several circuits have held that dismissal does not count as a strike until the litigant has exhausted or waived his appellate rights.  *See Henslee v. Keller*, 681 F.3d 538, 541 (4th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1310–11 (10th Cir. 2011); *Thompson v. DEA*, 492 F.3d 428, 432 (D.C. Cir. 2007); *Nicholas v. Am. Detective Agency*, 254 F. App'x 116, 116 (3d Cir. 2007) (per curiam); *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 953 (8th Cir. 2006) (per curiam); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *see also Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (reserving judgment on whether an appealed dismissal may be a strike, but suggesting that denying an appeal of a third strike would be an illogical result).

Many of these cases rely on the unfounded concern that treating an appealed dismissal as a strike would preclude that very appeal.  They reason that such a result would be a departure from the usual practice under the Federal Rules of Civil Procedure, which is to grant all litigants an appeal as of right from all final district court decisions. *See, e.g.*, *Silva*, 658 F.3d at 1098–99.  In *Thompson*, 492 F.3d at 432, the D.C. Circuit asserted that counting a third strike while it is on appeal "would, within those narrow set of cases in which the third strike is appealed, effectively eliminate our appellate function."  The Fifth and Ninth Circuits also warned against a "hyper-literal reading of the statute [that] might . . . bar a prisoner's appeal of an erroneous third strike."  *Silva*, 658 F.3d at 1099 (quoting *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)). The Fifth Circuit has also suggested that to prevent the appeal of the third strike would violate Congress's purpose "only to penalize litigation that is truly frivolous, not to

freeze out meritorious claims or ossify district court errors." *Adepegba*, 103 F.3d at 387–88. All of these rationales assume that to make a strike effective immediately upon dismissal at the district court level would preclude the prisoner from pursuing the appeal of that dismissal in forma pauperis.

The concern about this anomalous result is not warranted, however, because the third strike may be appealed even though it would count as a strike with regard to a fourth or successive suit. The statute states that the bar on in forma pauperis actions is only triggered when "the prisoner has, on 3 or more *prior occasions* . . . brought an action or appeal . . . that was dismissed" because it was frivolous, malicious, or failed to state a claim. 28 U.S.C. § 1915(g) (emphasis added). A third strike that is on appeal is not a *prior* occasion for the purposes of that appeal, because it is the *same* occasion. In Coleman-Bey's case, however, *Coleman v. Sweeney* is a "prior occasion" because the present action is a new and distinct action. It counts as a strike because it is an action that was dismissed on a prior occasion for failure to state a claim. This reasoning remains true to the statute and directly addresses the concern of some of our sister circuits regarding the appeal of the third strike.

The dismissal of *Coleman v. Sweeney*, never reversed, accordingly counted as a strike continually from when it was entered. We therefore do not rely on the fact that the dismissal had been affirmed by the time that the court denied in forma pauperis status, nor do we address the relevance of that fact. Coleman-Bey had three effective strikes both when he filed his case and when his in forma pauperis status was denied, and was thus prohibited by § 1915(g) from bringing this action in forma pauperis.

AFFIRMED.

---

**DISSENT**

---

MARTHA CRAIG DAUGHTREY, Circuit Judge, dissenting.   This appeal presents an issue that the Sixth Circuit has not addressed previously in a published opinion:  whether a cause of action's dismissal that still is on appeal nevertheless can constitute a "strike" for purposes of the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]  All but one of our sister circuit courts that have addressed the issue have concluded that an order of dismissal must be final before it may count as a "strike" that cuts off a prisoner's right to challenge constitutional violations in most instances.  Because I believe that approach is the better response to the question, I respectfully dissent from the majority's contrary conclusion.

One of the earliest opinions interpreting the three-strikes provision of section 1915(g) was issued by the Fifth Circuit shortly after the PLRA was enacted.   In *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), the court held that "[a] dismissal should not count against a petitioner [as a strike under the PLRA] until he has exhausted or waived his appeals."   In the ensuing 17 years, all but one of the circuit courts addressing the issue have followed suit, either by explicitly adopting *Adepegba*'s conclusion or by indicating that this majority rule presumptively should apply.  *See, e.g.*, *Ball v. Famiglio*, 726 F.3d 448, 465 (3d Cir. 2013); *Henslee v. Keller*, 681 F.3d 538, 543-44 (4th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1310-11 (10th Cir. 2011); *Chavis v. Chappuis*,

---

[1]We, however, have addressed this question in two unpublished orders that provide little guidance because they reach diametrically opposed conclusions. In *Nali v. Caruso*, No. 08-2083 (6th Cir. Apr. 15, 2009), a panel of this court asserted, "Under § 1915(g), an appeal from a third frivolous suit must be final before the third suit in district court may be counted as a strike[.]"  We therefore vacated a district court order that counted a non-final dismissal as a strike, and remanded the matter to the district court to "consider Nali's claims on the merits." *Id.*  Sixth months later, a different panel reached the opposite conclusion. In *Shavers v. Stasewich*, No. 09-1740 (6th Cir. Oct. 22, 2009), the panel rejected the plaintiff's argument that the district court erred in denying him *in forma pauperis* status because one of the dismissals that the district court counted as a strike was still pending on appeal.  That panel concluded that, because "[t]he statute [section 1915(g)] does not say that the dismissal must be 'final' in all of the courts of the United States," the district court had not erred in counting the case pending on appeal as a strike under the PLRA. *Id.*  In the case now before us, the majority opinion follows this latter reasoning and thus reaches the same result as was reached in *Shavers*.

618 F.3d 162, 169 (2d Cir. 2010); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432-33 (D.C. Cir. 2007); *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 953 (8th Cir. 2006); *Michaud v. City of Rochester*, No. 00-1263, 2000 WL 1886289, at \*2 n.1 (1st Cir. Dec. 27, 2000) (unpublished). To date, only the Seventh Circuit has offered a different interpretation of the statute. It alone has concluded that a literal reading of the provision requires district courts to count as strikes, for purposes of the PLRA, cases that are dismissed on the grounds enumerated in section 1915(g) even while pending on appeal. *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002) (arguing that the majority rule reflects a "refus[al] to apply the statute literally").

I find the reasoning that has led the great majority of circuits to conclude that dismissals count as strikes under the PLRA only when those dismissals have become final – *i.e.*, when the plaintiff has exhausted or waived his appellate rights – both more compelling and more fair. Although the Seventh Circuit and, now, my colleagues in this case argue that the majority rule distorts the plain meaning of the PLRA, the Ninth Circuit has pointed out that "[s]ection 1915(g) does not expressly state whether a prior dismissal of 'an action or appeal' must be final before it can be considered a 'strike . . . .'" *Silva*, 658 F.3d at 1098. Instead, section 1915(g) states simply that a prisoner who, on "3 or more prior occasions" brought an action or appeal "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," cannot be accorded *in forma pauperis* status "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Thus, as the Fourth Circuit has noted, the statute is ambiguous, not only with respect to when dismissals should count as strikes but also with respect to what counts as a "prior occasion." *Henslee*, 681 F.3d at 542 (noting that the term "prior occasion" "may refer to a single moment or to a continuing event: to an appeal, independent of the underlying action, or to the continuing claim, inclusive of both the action and its appeal"). Hence, there are as many as three possible readings of what counts as a strike: (1) a suit dismissed under § 1915(g); (2) a suit dismissed under § 1915(g) but only after an appeal of that ruling has been waived or exhausted; (3) an appeal dismissed as

frivolous, regardless of the ruling below. Given this statutory ambiguity, it is proper for us to interpret the meaning of the statute in light of its history and purpose. *See Blum v. Stenson*, 465 U.S. 886, 896 (1984) ("Where, as here, resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and then to the legislative history if the statutory language is unclear.").

The overwhelming majority of other circuits have concluded that Congress could not have intended that dismissals would count as strikes immediately, given Congress's concern with fostering meritorious prisoner suits and preventing frivolous ones. "It is uncontroversial from the plain language of the statute that Congress intended section 1915(g) only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors." *Adepegba*, 103 F.3d at 388. *See also Jones v. Bock*, 549 U.S. 199, 204 (2007) (noting that the reforms in the PLRA were "designed to filter out the bad claims and facilitate consideration of the good"). Construing section 1915(g) to require courts to count dismissals as strikes even when pending on appeal could potentially bar the filing of meritorious claims and preserve district court errors by preventing prisoners from bringing claims in federal court while one or more of their first three dismissals were being reversed on appeal. *See Adepegba*, 103 F.3d at 387-88. *See also Thompson*, 492 F.3d at 432 (noting that an interpretation of the statute that counted dismissals as strikes even prior to appeal "would, within those narrow set of cases in which the third strike is appealed, effectively eliminate our appellate function," and concluding that "[h]ad Congress intended such an unusual result, . . . it would have clearly said so"); *Silva*, 658 F.3d at 1098-99 (recognizing that, because the minority view represents a departure from the usual practice under 28 U.S.C. § 1291 and the Federal Rules of Appellate Procedure that grants all litigants an appeal as of right from final district court decisions, "Congress's silence on this issue is 'strong evidence that the usual practice should be followed . . . .'" (quoting *Jones*, 549 U.S. at 212)).

Nevertheless, my colleagues in this case suggest that prisoners attempting to appeal a third dismissal for filing an allegedly frivolous complaint would not necessarily suffer the hardships envisioned by the decisions in *Jones*, *Adepegba*, and *Thompson*.

Specifically, they maintain, in cases where a prisoner seeks to appeal his third strike but is without funds to proceed unless accorded pauper status, that prisoner still may obtain appellate review of that dismissal by filing, pursuant to Federal Rule of Appellate Procedure 24(a)(5), a motion seeking leave from the appellate court to proceed *in forma pauperis* on appeal. In resolving the prisoner's Rule 24(a)(5) motion, so goes the argument, the appellate court could review the merits of the district court decision to determine whether "the district court might have erred" in dismissing the suit as frivolous, malicious, or meritless. *See Robinson*, 297 F.3d at 541.

This alternative is far from satisfying. For one thing, it threatens to make the resolution of a Rule 24(a)(5) motion more complex and involved than it is at present. *See Thompson*, 492 F.3d at 433 (quoting claim in government brief that the Seventh Circuit approach "creat[es] more work than is appropriate for either the courts or the litigants to resolve a request for [*in forma pauperis*] privileges"). Furthermore, this alternative fails to provide any relief for litigants like Coleman who seek pauper status to litigate an unrelated case rather than to appeal a third dismissal decision. By following the majority's lead in this case, the only way we could ensure that Coleman was not precluded erroneously from proceeding *in forma pauperis* in district court would be to conduct our own merits analysis of the prior dismissal currently pending on appeal before (presumably) a different panel of this court. Obviously, such a proposed solution to the problem is unwieldy, problematic, and creates unnecessary, extra work for the courts.

Because I would hold that dismissals of causes of action do not count as strikes under the PLRA until the prisoner-plaintiffs have exhausted or waived their appeals, I also would decide at precisely what point in the litigation process the finality of any prior dismissals should be assessed. Our sister circuits have differed somewhat in the approaches they have taken to this timing question. The Third Circuit has held that the language of section 1915(g) suggests that a prisoner's status under the statute should be assessed as of the date the latest complaint is filed. *See Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998) (noting that section 1915(g) applies to prisoners who "*bring* a civil

action or appeal a judgment in a civil action or proceeding" and that "[i]n the context of filing a civil action, 'bring' ordinarily refers to the 'initiation of legal proceedings in a suit'") (emphasis added)). Most of the circuits that have adopted the majority view set forth in *Adepegba* agree. *See, e.g.*, *Silva*, 658 F.3d at 1100 ("Section 1915(g) does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal." (quoting *Campbell*, 471 F.3d at 952)). However, at least one circuit has suggested that a prisoner's status under the three-strikes provision should be assessed *after* litigation has commenced – presumably at the point the district court grants or denies the motion for pauper status. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 779 (10th Cir. 1999) (refusing to count as a strike a dismissal that was appealed after the plaintiff filed his complaint in the subsequent case).

In light of the relevant statutory language, and given the ease in applying the rule adopted by the majority of other circuits, I would adopt the view that the question whether a prior dismissal is final should be assessed as of the date of the filing of the complaint or notice of appeal. Adopting this timing rule also would reduce the possibility that litigants could seek to manipulate the judicial calendar to advance their own positions. In the present case, however, whether Coleman's pauper status should have been assessed as of the date he filed his new, fourth complaint or the date the district court resolved his motion for pauper status in that proceeding is irrelevant. The plaintiff's latest cause of action against the correctional-facility defendants was filed in December 2010, well before the district court denied his *in forma pauperis* request in February 2011 or this court affirmed the dismissal of his prior, third civil-rights complaint in March 2011.

I would hold that the proper interpretation of § 1915(g) is the one adopted by the majority of circuits, rather than that proposed by the majority in this case. I thus respectfully dissent and would conclude that the district court should have granted Coleman's motion to proceed *in forma pauperis* on his complaint against these defendants because, at the time Coleman filed that cause of action, he had not yet

received the three *final* "strikes" that subsequently cut off his ability to petition the federal courts for redress of grievances.