ROGERS, J., delivered the opinion of the court, in which BATCHELDER, C. J., joined. DAUGHTREY, J. (pp. 179-82), delivered a separate dissenting opinion.
OPINION
ROGERS, Circuit Judge.
Under the three-strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), the district court in this case properly denied pauper status to plaintiff André Lee Coleman-Bey in his civil suit, even though one of his three previous case dismissals (“strikes”) was still on appeal when this case was brought. This counting of a third dismissal still on appeal as a strike does not lead to the anomalous conclusion that the third dismissal was itself precluded from being appealed by the three-strikes rule. The district court therefore properly dismissed this case for failure to pay court fees in the absence of pauper status.
Coleman-Bey, pro se, filed a complaint in the Western District of Michigan alleging claims under 42 U.S.C. § 1983 against six workers at the Baraga Correctional Facility. He also moved for leave to proceed in forma pauperis. The district court denied that motion on the grounds that Coleman-Bey was barred from receiving pauper status under the three-strikes provision of the PLRA. Coleman v. Tollefson, No. 2:10-cv-337, 2011 WL 573590, at *2 (W.D.Mich. Feb. 15, 2011). The court also ordered Coleman-Bey to pay the $350 filing fee within twenty-eight days. Id. After twenty-eight days passed and Coleman-Bey failed to pay the fee, the court dismissed the action. Coleman-Bey subsequently moved for leave to proceed in forma pauperis on appeal, which the district court granted. This appeal followed.
The district court properly relied on the three-strikes provision of the PLRA, which prohibits prisoners who have brought multiple frivolous appeals from receiving pauper status:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that *177 was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
28 U.S.C. § 1915(g). Each of the three civil cases that Coleman-Bey had previously filed while incarcerated counts as a strike under the PLRA.
First, Coleman v. Lentin, No. 2:92-cv-120 (W.D.Mich. Aug. 31, 1992), qualifies as a strike because the docket clearly indicates that when the district judge adopted the report and recommendation of the magistrate judge and dismissed the case, he did so because he found Coleman-Bey’s complaint to be “frivolous and without merit.” Coleman-Bey argues that the dismissal of Coleman v. Lentin does not qualify as a strike because the district court failed to follow various procedural requirements outlined in Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983), in particular the requirement that before dismissing a complaint the court must permit the petitioner to amend his complaint to correct any defects. However, the PLRA generally overruled the set of procedures outlined in Tingler, including the requirement that Coleman-Bey claims was violated. See Palacio v. Hofbauer, 106 Fed. Appx. 1002, 1005 (6th Cir.2004). Under the PLRA, a court may dismiss an action that it finds “frivolous or malicious” without permitting the plaintiff to amend the complaint. La Fountain v. Henry, 716 F.3d 944, 951 (6th Cir.2013); see also 28 U.S.C. § 1915(e)(2).
Second, the dismissal of Coleman v. Kinnunen, No. 2:05-CV-256, 2008 WL 724780 (W.D.Mich. Mar. 17, 2008), counts as a strike because it was dismissed for failure to state a claim. Coleman-Bey argues that the dismissal of this complaint does not count as a strike because it is not a dismissal for “failure to state a claim” but rather an order granting summary judgment for absence of material issues of fact. The order of the district court, however, clearly enough indicates that the dismissal was made pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Section 1915(g)’s language was clearly modeled after Rule 12(b)(6), and dismissals pursuant to that rule count as a strike. See Thompson v. DEA, 492 F.3d 428, 437-38 (D.C.Cir.2007). The issue of whether an adverse summary judgment may be a strike is not before us.
Third, Coleman v. Sweeney, No. 2:09-cv-178, 2009 WL 3270006 (W.D.Mich. Oct. 8, 2009), counts as a strike, even though the district court’s order in that case was on appeal at the time that the instant suit was brought. A literal reading of § 1915(g) requires district courts to count as strikes cases that are dismissed on the grounds enumerated in the provision even when pending on appeal. The Seventh Circuit so reasoned in Robinson v. Powell, 297 F.3d 540, 541 (7th Cir.2002). See also our unpublished order in Shavers v. Stasewich, No. 09-1740 (6th Cir. Oct. 22, 2009), in which we rejected the plaintiffs argument that the district court erred in denying him pauper status because one of the dismissals that the district court counted as a strike was still pending on appeal. We reasoned that, because § 1915(g) “does not say that the dismissal must be final in all of the courts of the United States,” the district court had not erred in counting the case pending on appeal as a strike under the PLRA.
Not only does this rule follow the plain meaning of the statute, but it is also consistent with how judgments are treated for purposes of res judicata. Under that doctrine, eases on appeal have preclusive ef *178 feet until they are reversed or vacated. See In re Dublin Sec., Inc., 133 F.3d 377, 381 (6th Cir.1997).
We recognize that several circuits have held that dismissal does not count as a strike until the litigant has exhausted or waived his appellate rights. See Henslee v. Keller, 681 F.3d 538, 541 (4th Cir.2012); Silva v. Di Vittorio, 658 F.3d 1090, 1100 (9th Cir.2011); Smith v. Veterans Admin., 636 F.3d 1306, 1310-11 (10th Cir.2011); Thompson v. DEA 492 F.3d 428, 432 (D.C.Cir.2007); Nicholas v. Am. Detective Agency, 254 Fed.Appx. 116, 116 (3d Cir.2007) (per curiam); Campbell v. Davenport Police Dep’t, 471 F.3d 952, 953 (8th Cir.2006) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir.1996); see also Chavis v. Chappius, 618 F.3d 162, 169 (2d Cir.2010) (reserving judgment on whether an appealed dismissal may be a strike, but suggesting that denying an appeal of a third strike would be an illogical result).
Many of these cases rely on the unfounded concern that treating an appealed dismissal as a strike would preclude that very appeal. They reason that such a result would be a departure from the usual practice under the Federal Rules of Civil Procedure, which is to grant all litigants an appeal as of right from all final district court decisions. See, e.g., Silva, 658 F.3d at 1098-99. In Thompson, 492 F.3d at 432, the D.C. Circuit asserted that counting a third strike while it is on appeal “would, within those narrow set of cases in which the third strike is appealed, effectively eliminate our appellate function.” The Fifth and Ninth Circuits also warned against a “hyper-literal reading of the statute [that] might ... bar a prisoner’s appeal of an erroneous third strike.” Silva, 658 F.3d at 1099 (quoting Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir.1996)). The Fifth Circuit has also suggested that to prevent the appeal of the third strike would violate Congress’s purpose “only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors.” Adepegba, 103 F.3d at 387-88. All of these rationales assume that to make a strike effective immediately upon dismissal at the district court level would preclude the prisoner from pursuing the appeal of that dismissal in forma pauperis.
The concern about this anomalous result is not warranted, however, because the third strike may be appealed even though it would count as a strike with regard to a fourth or successive suit. The statute states that the bar on in forma pauperis actions is only triggered when “the prisoner has, on 3 or more prior occasions ... brought an action or appeal ... that was dismissed” because it was frivolous, malicious, or failed to state a claim. 28 U.S.C. § 1915(g) (emphasis added). A third strike that is on appeal is not a prior occasion for the purposes of that appeal, because it is the same occasion. In Coleman-Bey’s case, however, Coleman v. Sweeney is a “prior occasion” because the present action is a new and distinct action. It counts as a strike because it is an action that was dismissed on a prior occasion for failure to state a claim. This reasoning remains true to the statute and directly addresses the concern of some of our sister circuits regarding the appeal of the third strike.
The dismissal of Coleman v. Sweeney, never reversed, accordingly counted as a strike continually from when it was entered. We therefore do not rely on the fact that the dismissal had been affirmed by the time that the court denied in forma pauperis status, nor do we address the relevance of that fact. Coleman-Bey had three effective strikes both when he filed his case and when his in forma pauperis *179 status was denied, and was thus prohibited by § 1915(g) from bringing this action in forma pauperis.
AFFIRMED.