**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6686**

———————

BRANDON JEROD SMITH,

          Plaintiff - Appellant,

     v.

L. RAY, Medical Administrator; B. ULEP, Doctor; CYNDY
THIGPEN, Charge Nurse; JEANNE HUTCHINGS, Charge Nurse; MS.
TAYLOR, Medical Administrator; MR. GORE, Doctor; R.
LOCKHART, Charge Nurse; E.P. WITT, Grievance Coordinator,

          Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Claude M. Hilton, Senior
District Judge. (1:14-cv-00122-CMH-JFA)

———————

Submitted: December 19, 2014      Decided: January 14, 2015

———————

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Brandon Jerod Smith, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Jerod Smith appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint. We vacate the district court's determination that Smith had three qualifying strikes under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) (2012), and remand for further proceedings.

In concluding that Smith had three strikes under the PLRA at the time he filed the subject complaint, the district court relied on three of Smith's previously filed § 1983 actions: Smith v. Chilcote, No. 1:13-cv-01173-CMH-TRJ (E.D. Va. Feb. 12, 2014); Smith v. Bendrick, No. 1:12-cv-00759-CMH-JFA (E.D. Va. Oct. 11, 2012); and Smith v. Reagan, No. 1:10-cv-01354-CMH-IDD (E.D. Va. Jan. 24, 2011). We conclude, however, that Chilcote, No. 1:13-cv-01173-CMH-TRJ, did not properly qualify as a strike at the time Smith filed his complaint.

Smith filed the subject complaint on February 5, 2014, one week before the district court dismissed his § 1983 action in Chilcote. Smith appealed the dismissal in Chilcote; the appeal was pending in this court at the time the district court dismissed the underlying complaint for failure to prepay the filing fees. Because Smith had not exhausted his right to appeal in Chilcote, it did not qualify as a strike at the time the district court dismissed this action. See Henslee v. Keller, 681 F.3d 538, 543 (4th Cir. 2012).

2

Even if Smith is found, on remand, to have amassed three strikes, however, he may proceed without prepayment of fees if he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002); Gibbs v. Cross, 160 F.3d 962, 965-66 (3d Cir. 1998). Smith alleged that he is suffering from chest pain and heart palpitations, and has been coughing up blood on a daily basis since December 2013. He further asserted that prison officials have refused to treat him for these issues despite his complaints. These assertions support a conclusion that Smith is under imminent danger of serious physical injury.

Accordingly, we vacate the order of dismissal and remand for proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

VACATED AND REMANDED